1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEAN KILAT MILLER,

     Plaintiff,

v.

RICK W. SKOGG, et al.,

     Defendants.

Case No. 2:10-CV-01121-KJD-GWF

**ORDER**

     Currently before the Court is Defendant David Applegate's ("Applegate") Motion to Dismiss (#5). Subsequent to Applegate's filing, Plaintiff filed an Amended Complaint (#7). Applegate then filed a Motion to Dismiss the Amended Complaint (#8) to which Defendant Kevin McCarthy filed a Motion for Joinder (#11). The Plaintiff filed a Response in Opposition (#12) and Motion to Amend/Correct Complaint (#13), and a Reply (#16) to Applegate's Motion to Dismiss. Plaintiff then filed an Amended Response (#14) and Amended Motion to Amend Complaint (#15). Defendant Applegate, together with Defendant Linda Cervin, then filed Responses in Opposition (##17, 19) to Plaintiff's Motion to Amend Complaint, to which Defendants Kevin McCarthy and Diana Steiner filed Motions for Joinder (##18, 21). The Court has reviewed both the Motion to Dismiss and the Motion to Amend together with all responsive pleadings and Motions for Joinder, and issues its ruling on both Motions together herein.

**I. Background**

On or about December 13, 2005, *pro se* Plaintiff Jean Kilat Miller borrowed $310,500 to purchase real property located at 8164 Kentshire Drive, Las Vegas, NV 89117.  Plaintiff obtained two loans, each of which was secured by a Deed of Trust naming Direct Access, LLC as the Lender, Plaintiff as the borrower, Ticor Title as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the Lender's nominee.  The Deeds of Trust each expressly granted MERS the right to sell the subject property if necessary to satisfy the debt.  In February of 2009, Plaintiff defaulted on her mortgage obligations.

On May 8, 2009, MERS, as lender's nominee, substituted Quality Loan Service Corporation ("QLS") in the place of the original Trustee of the First Deed of Trust which secured a Promissory Note in the amount of $241,500.  QLS thereafter recorded a Notice of Default.  Plaintiff did not cure the default, and QLS recorded a Notice of Trustee's Sale.  The original sale date was postponed. QLS subsequently recorded a second Notice of Trustee's Sale on June 21, 2010, listing the sale date as August 16, 2010.  On July 8, 2010, Plaintiff filed her Complaint in this Court, alleging a variety of claims against Defendants David Applegate (on behalf of GMAC Mortgage Corporation), Linda Cervin (on behalf of MERS), Kevin McCarthy (on behalf of QLS), Rick W. Skogg (on behalf of Aurora Loan Services), Diana M. Steiner (on behalf of Ticor Title of Nevada), and Shane Watson (on behalf of Direct Access Lending).  Though somewhat difficult to ascertain from the pleadings, it appears that Plaintiff's Amended Complaint brings claims based upon violations of the Uniform Commercial Code ("UCC"), and for fraud, lack of standing to foreclose, and apparently for a qui tam action.[1]

---

[1] The right to bring a qui tam action is entirely created by statute. <u>Vt. Agency of Natural Resources v. U.S. ex rel Stevens</u>, 529 U.S. 765, 769 (2000).  A qui tam action is for redress of an injury to the government.  More specifically, it is the government's injury that confers standing upon the private person, and the qui tam plaintiff has standing because he is a partial assignee of the United States claims against a defendant. <u>Id.</u>  Here, Plaintiff both fails to cite a statutory basis for his alleged qui tam claim, or to allege sufficient facts to support such an action.  The Complaint merely alleges that "defendants have defrauded Nevada, Nevada taxpayers, Nevada body politic, Nevada citizens, and Nevada government, et al. Out of their rightfully due 'public' recording fees . . . ." (#7 at ¶ 9.)

## II. Standard of Law for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

## III. Discussion

Defendants' instant Motion seeks that the Court dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

1   Defendants aver *inter alia* that Plaintiff has failed to allege sufficient facts to support his UCC-based

2   claims, or to allege how Nevada's UCC statutes apply in this case.  Defendants additionally aver that

3   Plaintiff's fraud claims are not pled with the requisite particularity under Fed. R. Civ. P. 9(b),

4   because the Complaint lumps the Defendants together and makes only generic assertions.  The Court

5   agrees.

6           **A. Statutory Claims**

7           As stated above, the Amended Complaint avers that this action is based on provisions of the

8   UCC codified by the Nevada Legislature as N.R.S. §§ 104.9207 (rights and duties of a secured party

9   in possession of collateral), 104.9210 (request for accounting), 40.010 (action for adverse claims)

10  "and others."  (#7 at ¶ 2.)  However, Plaintiff includes no allegations to support her claims based on

11  the statutes listed, or to even aver how said statutes apply here or rise above the speculative level.

12  Additionally, Plaintiff does not deny that she executed documents to obtain financing for the subject

13  property and that she stopped making payments on the loans, which triggered non-judicial

14  foreclosure pursuant to N.R.S.§ 107.080.   Accordingly, Plaintiff fails to state a claim under the

15  statutes listed in her Complaint.

16          **B. Fraud**

17          Defendants additionally seek that the Court dismiss Plaintiff's fraud allegations.  Specifically,

18  Defendants aver that any accusations of fraud in the Amended Complaint fail because they are not

19  pled with the level of particularity required under Fed. R. Civ. P. 9(b).  Fraud under Fed. R. Civ. P.

20  9(b) requires a party to "state with particularity the circumstances constituting [the] fraud."  Thus to

21  sufficiently plead fraud a plaintiff must provide "an account of the time, place, and specific content

22  of the false representations, as well as the identities of the parties to the misrepresentations."  Swartz

23  v. KPMG, LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also, Morris v. Bank of Nev., 886 P.2d 454,

24  456 n. 1 (Nev.1994).  A review of the Amended Complaint here, reveals that Plaintiff has made

25  insufficient allegations of fact to state a valid fraud claim.  Specifically, Plaintiff has failed to state

26

1  sufficient detail regarding the time, place, or circumstances of Defendant's alleged fraudulent

2  behavior.  Accordingly, the Court finds that Plaintiff's fraud claims should be dismissed.

3  **C. Non-Judicial Foreclosure**

4  The Amended Complaint additionally avers that Defendants "altered, destroyed, and/or

5  mutilated" original copies of the promissory note, allonges, deed of trust, registration statement,

6  prospectus, and Federal Reserve Board Forms connected with the subject property.  (#7.)  Plaintiff

7  however, provides no support for said allegations of document mutilation.

8  Additionally, Plaintiff avers that Defendants do not have standing or authority to foreclose on

9  the subject property because they have not produced the original note.  The Court is familiar with this

10  and similar arguments as said arguments have been raised in previous cases.  Contrary to Plaintiff's

11  argument, however, this Court has held that a nominee beneficiary—in this case MERS—does have

12  standing to implement non judicial foreclosure proceedings under Nevada law.  See eg., Croce v.

13  Trinity Mortgage Assur., Case No. 2-08-cv-01612-KJD (D. Nev. Sept. 28, 2009);  Elias v. HomeEQ

14  Servicing, No. 08-1836, 2009 WL 481270, at *1 (D.Nev. Feb. 25, 2009);  Dunlap v. Mortgage Elec.

15  Registration Sys., Inc., No. 2:08-cv-00918, slip op. at 1 (D.Nev. Jan. 5, 2009) (granting motions to

16  dismiss filed by MERS and ReconTrust because MERS "does have standing and the authority to

17  initiate foreclosure proceedings on the subject property under the language of the Deed of Trust").

18  Additionally, at least under California law, an "allegation that the trustee did not have the

19  original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal

20  v. Juarez, 2007 WL 2140640 (S.D. Cal. July 23, 2007) (citing R.G. Hamilton Corp. v. Corum, 218

21  Cal. 92, 97, 21 P.2d 413 (1933) and California Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435,

22  44 P.2d 624 (1935)).  See, e.g., Commercial Standard Ins. Co. v. Tab Constr., Inc., 94 Nev. 536, 583

23  P.2d 449, 451 (Nev. 1978) (stating that Nevada courts often look to California law where Nevada

24  law is silent).  Accordingly, the Court finds that Plaintiff's claims based upon MERS' alleged lack of

25  standing should also be dismissed.

26

**D. Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed R. Civ. P. 15(a)(2).  Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court.  Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962).  District courts are directed to apply this rule with "extreme liberality."  See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997).  However, leave to amend is not absolute.  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  Among the factors mitigating against allowing parties to amend their pleadings are undue delay in litigation, prejudice to the opposing party, and futility for lack of merit.  Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  A showing of the factors overcomes the presumption in favor of granting leave to amend.  See Eminence Capital, LLC. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue that the Court should not allow Plaintiff to amend his Complaint due to futility for the reasons listed in their Motion to Dismiss, and because Plaintiff has failed to attach a copy of the proposed amended pleading as required pursuant to Local Rule 15.1.   The Court agrees.  Plaintiff's filings are disordered and legally incorrect.  Though the Court must construe *pro se* pleadings liberally, even a broad reading of Plaintiff's Response and Motion to Amend cannot cure the deficiencies in the Amended Complaint.  For instance, Plaintiff seeks that "if this Court chooses to deny" his Motion to Amend , that it "remand [the action] back to where this case was filed." (##15 at 3.)  The Complaint in this case however, was originally filed in this Court.  Additionally, Plaintiff's Motion makes reference to the Full Faith and Credit Clause of the United States Constitution, and argues that "this Court must allow the State Court to proceed or this Court is denying Plaintiffs their [sic] substantial Right to litigate in their [sic] state court."  (## 14, 15 at 2.)  Additionally, Plaintiff's Motion attempts to assert federal jurisdiction by referencing Defendants' "previous crimes" and stating that "[t]he commission of numerous felonies by Defendants against Nevada and/or a Nevada citizen does confer jurisdiction in this matter", and that "[i]n law, it does

6

1   not matter where the criminal is from; it matters where the crimes and fraud were committed and

2   whether those acts affected the state of jurisdiction." (##14, 15 at 2–3.)   Said arguments have no

3   bearing or impact on the sufficiency of the civil claims brought in Plaintiff's Amended Complaint.

4   As stated above, the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

5   for failure to state a claim.   Moreover, because Plaintiff has already amended her Complaint once

6   insufficiently, neglected to attach a copy of a proposed amended document, or to show that an

7   allowance for amendment would cure the deficiencies of the underlying Complaint, the Court finds

8   that the Instant Motion to Amend is futile, and must be denied.

9   **IV. Conclusion**

10         Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss First

11   Amended Complaint (#8) is **GRANTED**.   Plaintiff's Complaint is dismissed as to Defendants David

12   Applegate (GMAC), Kevin McCarthy (Quality Loan Service Corporations), Linda Cervin (MERS),

13   and Diana M. Steiner (Ticor Title of Nevada Inc. And GMAC Mortgage, LLC).

14         **IT IS FURTHER ORDERED** that Plaintiff's Motions to Amend/Correct Complaint (##13,

15   15) are **DENIED**.

16         **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (#5) is **DENIED** as

17   moot.

18         DATED this 3rd day of February 2011.

19

20                             _____

21                             Kent J. Dawson
                          United States District Judge

22

23

24

25

26