# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JEAN KILAT MILLER,

    Plaintiff,

v.

RICK W. SKOGG, et al.,

    Defendants.

Case No. 2:10-CV-01121-KJD-GWF

**ORDER**

Currently before the Court are Plaintiff's Motions for Temporary Restraining Order (##35, 41) and Motions for Preliminary Injunction (## 36, 42). Defendants Rick Skogg ("Skogg"), Aurora Loan Services ("Aurora"), Linda Servin ("Servin"), and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Response in opposition (#40). Defendants David Applegate ("Applegate") and GMAC Mortgage, LLC ("GMAC") also filed an Opposition (#38). No Reply was filed.[1]

**I. Background**

The instant Motions arise from an action filed by Plaintiff Jean Kilat Miller ("Plaintiff") regarding real property Plaintiff purchased at 8164 Kentshire Drive, Las Vegas, NV 89117, and the related mortgage obligations upon which Plaintiff had defaulted. It is undisputed that Plaintiff failed

---

[1] Rather than filing a reply, Plaintiff filed her additional Motions for Injunctive Relief, which are addressed herein.

to cure her default on the subject loans, and a Notice of Trustee's Sale was recorded. On July 8, 2010, Plaintiff filed her Complaint in this Court, alleging a variety of claims against Defendants for violations of the Uniform Commercial Code ("UCC"), fraud, lack of standing to foreclose, and apparently also for a qui tam action. (See#28.) On February 3, 2011, the Court dismissed Plaintiff's claims as to Defendants GMACM, QLS, MERS, and Ticor Title of Nevada Inc. Subsequently, the Plaintiff filed the Motions for Injunctive Relief at issue here. Specifically, Plaintiff seeks that the Court enjoin Defendants from conducting an unlawful detainer, until it is established that Defendants are "qualified to act and exercise the powers and remedies of the Trustee and beneficiary pursuant to NRS 107." (#41 at 1.)

**II. Standard of Law**

    **1. Temporary Restraining Order**

    Fed. R. Civ. P. 65 encompasses both preliminary injunctions and temporary restraining orders as an ex parte form of preliminary injunction, "[a] temporary restraining order is available to an applicant for a preliminary injunction [only] when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction." Id. Therefore, where notice is given and no irreparable injury will occur before the court can hear the application for preliminary injunction, no TRO should issue and the court can look to the preliminary injunction standard in weighing whether to enjoin the adverse party's conduct. Here both of Plaintiff's Motions for Temporary Restraining Order fail to show the emergent circumstances or likelihood of success on the merits required to merit such relief. Accordingly, the Court examines Plaintiff's Motions pursuant to the standard for injunctive relief within this jurisdiction.

    **2. Preliminary Injunction**

    "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). A preliminary injunction is

appropriate where a plaintiff demonstrates "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [his] favor." Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir.2003) (quoting Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)).

A district court must also consider whether the public interest favors issuance of the injunction. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992); see also, Chisom v. Roemer, 853 F.2d 1186, 1189 (5th Cir.1988). This alternative test for injunctive relief has also been formulated as follows: a plaintiff is required to establish "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.1995) (internal quotation marks omitted). This analysis creates a continuum: the less certain a district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor. See Fund for Animals, Inc.,962 F.2d at 1400.

More specifically, the Ninth Circuit has described the relationship between success on the merits and irreparable harm as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000). To reach this sliding scale analysis, however, a moving party must, at an "irreducible minimum," demonstrate some chance of success on the merits. Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).

In its Order of February 3, 2011, the Court dismissed Plaintiff's Complaint for lack of merit as to all parties that had been properly served in this action. (# 28.) Specifically, in ruling on Plaintiff's statutory claims, the Court found that Plaintiff had not supported any of the claims with factual allegations rising above the speculative level, and that Plaintiff had admitted she obtained

3

financing on the property and thereafter stopped making payments on the loans. (Id. at 4.) The Court additionally found that Plaintiff's fraud allegations failed to meet the pleading standard set forth under Fed. R. Civ. P. 9(b), which requires a Plaintiff to plead "with particularity." (Id.) Finally, as to Plaintiff's claims regarding the non-judicial foreclosure and holder in due course allegations, the Court reaffirmed that a nominee trustee under a deed of trust has standing to implement non-judicial foreclosure proceedings under Nevada law. (Id. at 5.) Accordingly, Plaintiff cannot demonstrate a likelihood of success on the merits.

Moreover, Plaintiff cannot demonstrate that the balance of hardships or public interest tips in her favor or supports her position. It is undisputed that Plaintiff has been in arrears on her mortgage payments for over two years, and has never offered to tender her mortgage payments. (#38 at 5.) Plaintiff cannot demonstrate any reason for the Court to prevent the trustee here from conducting a non-judicial foreclosure sale, as Plaintiff's claims have already been dismissed for lack of merit.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Temporary Restraining Order (##35, 41) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Preliminary Injunction (## 36, 42) are **DENIED**.

DATED this 4th day of March 2011.

_____
Kent J. Dawson
United States District Judge