UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEAN KILAT MILLER,

    Plaintiff,

v.

RICK W. SKOGG, *et al*.,

    Defendants.

Case No. 2:10-CV-01121-KJD-GWF

**ORDER**

    Currently before the Court is the Motion to Dismiss Plaintiff's Amended Complaint (#33) of Defendants Rick W. Skogg, individually and in his capacity as President of Aurora Loan Services, LLC and Linda Cervin, individually and in her capacity as President of Mortgage Electronic Registration Systems, Inc. (collectively "Defendants"). Plaintiff responded (#53) and Defendants have replied (#54).

I.  Background

    On or about December 13, 2005, *pro se* Plaintiff Jean Kilat Miller borrowed $310,500 to purchase real property located at 8164 Kentshire Drive, Las Vegas, NV 89117. Plaintiff obtained two loans, each of which was secured by a Deed of Trust naming Direct Access, LLC as the lender, Plaintiff as the borrower, Ticor Title as Trustee, and Mortgage Electronic Registration Systems, Inc.

("MERS") as the Lender's nominee. Aurora Loan Services ("Aurora") serviced the loan. The Deeds of Trust each expressly granted MERS the right to sell the subject property if necessary to satisfy the debt. In February of 2009, Plaintiff defaulted on her mortgage obligations.

On May 8, 2009, MERS, as lender's nominee, substituted Quality Loan Service Corporation ("QLS") in the place of the original Trustee of the First Deed of Trust which secured a Promissory Note in the amount of $241,500. QLS thereafter recorded a Notice of Default. Plaintiff did not cure the default, and QLS recorded a Notice of Trustee's Sale. The original sale date was postponed. QLS subsequently recorded a second Notice of Trustee's Sale on June 21, 2010, listing the sale date as August 16, 2010. On July 8, 2010, Plaintiff filed her Complaint in this Court, alleging a variety of claims against several parties, including Defendants Cervin on behalf of MERS and Skogg on behalf of Aurora.  The property was sold on October 27, 2010.

The causes of action alleged in the pleadings are not entirely clear, but it appears that Plaintiff's Amended Complaint brings claims alleging violations of the Uniform Commercial Code ("UCC"), fraud, lack of standing to foreclose, and apparently for a qui tam action.

II.   Legal Standard for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, *pro se* litigants must supply a minimum factual basis for the claims they assert against defendants. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995). "Even given the more generous pleading standards for *pro se* plaintiffs," a plaintiff must "provide [the] minimum factual basis needed to provide notice to [the] defendants." Turner v. County of Los Angeles, 18 Fed.Appx. 592, 596 (9th Cir. 2001). A *pro se* complaint can be dismissed if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 520-521. (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

III.  Discussion

    A. UCC Claims

Plaintiff's Amended Complaint avers that this action is based on provisions of the UCC codified by the Nevada Legislature as N.R.S. §§ 104.9207 (rights and duties of a secured party in possession of collateral), 104.9210 (request for accounting), 40.010 (action for adverse claims) "and

others." (#7 at ¶ 2.) However, N.R.S. § 104.9109(2)(k) expressly provides that the Article does not apply to the creati0on or transfer of an interest or lien in real property. Moreover, Plaintiff includes no allegations to support her claims based on the statutes listed and provides no information sufficient to put Defendants on notice of how they violated these provisions. Plaintiff does not deny that she executed documents to obtain financing for the subject property and that she stopped making payments on the loans, which triggered non-judicial foreclosure pursuant to N.R.S.§ 107.080. Accordingly, Plaintiff fails to state a claim under N.R.S. §§ 104.9207, 104.9210, or 40.010 as alleged in her Complaint.

   B. Fraud

Fed. R. Civ. P. 9(b) requires that a party pursuing a cause of action for fraud "state with particularity the circumstances constituting [the] fraud." Thus to sufficiently plead fraud a plaintiff must provide "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." Swartz v. KPMG, LLP, 476 F.3d 756, 764 (9th Cir. 2007); see also, Morris v. Bank of Nev., 886 P.2d 454, 456 n. 1 (Nev.1994).

Here, Plaintiff fails to allege any details regarding the time, place, or circumstances of the alleged fraudulent actions of the moving Defendants. Although the Court must construe the pleadings of *pro se* parties liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). See also, Ghazali v. Moran, 46 F .3d 52, 54 (9th Cir.1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure."); Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Plaintiff's fraud claim fails to meet the required pleading standard. Accordingly, her fraud claim is dismissed.

   C. Non-Judicial Foreclosure

In her complaint, Plaintiff claims that Defendants "altered, destroyed, and/or mutilated" original copies of the promissory note, allonges, deed of trust, registration statement, prospectus, and

4

Federal Reserve Board Forms connected with the subject property. (#7.) Plaintiff however, provides no support for these allegations. Plaintiff also claims that Defendants lack standing or authority to foreclose on the subject property because they have not produced the original note. The Court is familiar with this and similar arguments as said arguments have been raised in previous cases. Contrary to Plaintiff's argument, however, this Court has held that a nominee beneficiary—in this case MERS—does have standing to implement non-judicial foreclosure proceedings under Nevada law. See eg., Croce v. Trinity Mortgage Assur., Case No. 2-08-cv-01612-KJD (D. Nev. Sept. 28, 2009); Elias v. HomeEQ Servicing, No. 08-1836, 2009 WL 481270, at *1 (D.Nev. Feb. 25, 2009); Dunlap v. Mortgage Elec. Registration Sys., Inc., No. 2:08-cv-00918, slip op. at 1 (D.Nev. Jan. 5, 2009) (granting motions to dismiss filed by MERS and ReconTrust because MERS "does have standing and the authority to initiate foreclosure proceedings on the subject property under the language of the Deed of Trust").

California courts have made it clear that an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." Neal v. Juarez, 2007 WL 2140640 (S.D. Cal. July 23, 2007) (citing R.G. Hamilton Corp. v. Corum, 218 Cal. 92, 97, 21 P.2d 413 (1933) and California Trust Co. v. Smead Inv. Co., 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935)); See also Hafix v. GreenPoint Mortgage Funding, Inc., 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009). Nevada courts often look to California law where, as here, the statues at issue are substantively similar. Commercial Standard Ins. Co. v. Tab Constr., Inc., 94 Nev. 536, 583 P.2d 449, 451 (Nev. 1978). Accordingly, the Court finds that Plaintiff's claims based upon Defendants' alleged lack of standing should also be dismissed.

D. Qui Tam

The right to bring a qui tam action is entirely created by statute. Vt. Agency of Natural Resources v. U.S. ex rel Stevens, 529 U.S. 765, 769 (2000). A qui tam action is for redress of an injury to the government. More specifically, it is the government's injury that confers standing upon

the private person, and the qui tam plaintiff has standing because he is a partial assignee of the United States' claims against a defendant. Id.

Here, Plaintiff both fails to cite a statutory basis for her alleged qui tam claim, or to allege sufficient facts to support such an action. The Complaint merely alleges that "defendants have defrauded Nevada, Nevada taxpayers, Nevada body politic, Nevada citizens, and Nevada government, et al. Out of their rightfully due 'public' recording fees . . . ." (#7 at ¶ 9.) Accordingly, Plaintiff's complaint does not state a valid qui tam cause of action.

E. Other Claims

Plaintiff's complaint contains numerous other almost incomprehensible assertions. None of these state a cause of action or give sufficient notice to the Defendants of what they did wrong. Accordingly, Defendants' Motion to Dismiss is granted as to the entire Complaint.

IV. Request to Replace Defendant Cervin

Plaintiff, in her Response, asks the Court to replace Linda Cervin for MERS with Mr. R.K. Arnold. Plaintiff has no claim against either of these individuals and the request is moot.

V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (#33) is **GRANTED**.

DATED this 21st day of July 2011.

_____
Kent J. Dawson
United States District Judge